**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JAMES PAPA, | Civil Action No. 1:25-cv-03788 |
| *Plaintiffs*, | |
| vs. | **NOTICE OF REMOVAL** |
| COMPUTACENTER UNITED STATES INC., DEUTSCHE BANK SECURITIES, INC., DB USA CORPORATION, DEUTSCHE BANK AG, and MARC SENATORE, | |
| *Defendants*. | |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE THAT** Computacenter United States Inc. ("Computacenter"), together with Deutsche Bank Securities, Inc. ("DBSI"), DB USA Corporation ("DB USA"), and Deutsche Bank AG ("DB AG") (collectively, the "DB Defendants," and, together with Computacenter, the "Defendants"), through their respective undersigned counsel, hereby remove the above-captioned action pending in the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1332. As set forth below, setting aside the fraudulently joined Defendant, Marc Senatore ("Senatore")—a New Jersey resident who was named as a Defendant in causes of action that have no possibility of success under the law solely to destroy diversity jurisdiction—Defendants and Plaintiff, James Papa ("Papa"), are citizens of different states, and the amount in controversy exceeds $75,000. Accordingly, this Court has diversity of citizenship jurisdiction under 28 U.S.C. § 1332, and removal is proper under 28 U.S.C. §§ 1441 and 1446. In support of this Notice of Removal, Defendants state the following:

**PROCEDURAL BACKGROUND**

1. On May 5, 2025, Plaintiff initiated this action by filing a Complaint in the Supreme Court of the State of New York, County of New York, at Index No. 155798-2025 (the "State Court Action"). A copy of the Complaint in the State Court Action is attached as Exhibit A. In addition, a copy of the docket as of May 6, 2025, is attached as Exhibit B.

2. Plaintiff's Complaint alleges five causes of action: violation of New York State Labor Law § 740 against Computacenter, violation of New York Labor Law ("NYLL") § 740 against DB and Senatore, tortious interference with business relationship against DB and Senatore, negligence against DB and Senatore, and conspiracy to tortiously interfere with business relationship against Computacenter, DB, and Senatore. *See* Ex. A. Plaintiff seeks compensatory damages "of not less than $1,000,000" for each cause of action and punitive damages in "an amount not less than $10,000,000" on his first and second causes of action. *Id.* In addition, he seeks an award of "attorney's fees and costs pursuant to and permitted by New York State Labor Law § 740." *Id.* at WHEREFORE clause.

3. Computacenter, through counsel, obtained a copy of the Complaint from the docket on May 5, 2025, but has not yet been served.

4. None of the DB Defendants have been served.[1]

---

[1] Defendants recognize that, according to the Complaint, DB and DB USA are residents of New York, which would ordinarily preclude removal under 28 U.S.C. § 1441(b)(2). However, because DB and DB USA have not been served, removal is proper here. *See, e.g.*, *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705 (2d Cir. 2019) ("Section 1441(b)(2) is inapplicable until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removable under Section 1441(a) so long as a federal district court can assume jurisdiction over the action."); *Cadmen v. CVS Albany, L.L.C.*, No. 22-CV-46 (PKC) (SJB), 2022 WL 138056, at *1 (E.D.N.Y. Jan. 14, 2022) ("There is an exception to the home-state rule, in the text of § 1441(b) itself, for when the home-state defendant has not yet been served. In other words, where there is complete diversity and an unserved home-state defendant, the case can be removed.").

5. In accordance with 28 U.S.C. § 1446(d), Computacenter is serving written notice of this Notice of Removal upon Plaintiffs and filing a Notice of Filing this Notice of Removal in the State Court Action. A true and accurate copy of the Notice of Filing of Notice of Removal is attached as Exhibit D.

## **REMOVAL IS TIMELY**

6. Removal is timely filed within thirty days of a defendant's first receipt of the Summons and Complaint. *See* 28 U.S.C. § 1446(b)(1); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint").

7. Because Defendants first received a copy of the Complaint on May 5, 2025, this Notice of Removal is timely filed.

## **VENUE IS PROPER**

8. 28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

9. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) because the United States District Court for the Southern District of New York is the federal district embracing New York County, New York, where Plaintiff filed the State Court Action.

**REMOVAL IS PROPER ON DIVERSITY OF CITIZENSHIP GROUNDS**

10. 28 U.S.C. § 1332(a)(1) provides that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States."

11. This Court has diversity jurisdiction under 28 U.S.C. § 1332 because Plaintiff, and the properly named Defendants—Computacenter, DBSI, DB USA, and DB AG—are citizens of different states, and the amount in controversy is greater than $75,000.

I. **Senatore was fraudulently joined to destroy diversity jurisdiction.**

12. Plaintiff alleges that Senatore "is a resident of New Jersey and a DB vice president who was Mr. Papa's direct supervisor at DB." Ex. A, Compl., ¶ 30.

13. It is clear, however, that Plaintiff fraudulently joined Senatore for the sole purpose of defeating diversity jurisdiction after Plaintiff's counsel was advised that Computacenter does not have its principal place of business in New Jersey, as there is no possibility that the claims against him could be brought in state court. *See* Ex. D, Email Exchange Between E. McLaughlin and C. Brennan.

14. Under the doctrine of fraudulent joinder, "courts overlook the presence of a non-diverse defendant if from the pleadings there is no possibility that the claims against that defendant could be asserted in state court." *Briarpatch Ltd., L.P, v. Phoenix Pictures, Inc.*, 373 F.3d 296, 302 (2d Cir. 2004). In other words, "[j]oinder will be considered fraudulent when it is established that there can be no recovery [against the defendant] under the law of the state on the cause alleged." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 207 (2d Cir. 2001).

15. "The doctrine is designed to prevent plaintiffs from defeating a federal court's diversity jurisdiction or a defendant's right to removal by joining parties with no genuine

connection to the controversy as defendants." Castillo v. BJ's Wholesale Club, 645 F. Supp. 3d 85, 89 (E.D.N.Y. 2022) (citing *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 460-61 (2d Cir. 1998); *Brown v. Eli Lilly and Co.*, 654 F.3d 347, 356-57 (2d Cir. 2011)).

16.     Here, Plaintiff attempts to assert four causes of action against Senatore: whistleblower retaliation under NYLL § 740, tortious interference with a business relationship, negligence, and conspiracy to tortiously interfere with a business relationship. *Id.* ¶¶ 76 – 95.

17.     None of these causes of action are viable.

### A. Plaintiff cannot maintain a cause of action for whistleblower retaliation because Senatore was not his employer.

18.     The NYLL defines an employer as "any person, firm, partnership, institution, corporation, or association that employs one or more employees." NYLL § 740(1)(b).

19.     "To plead that an individual is an employer, it is not sufficient to allege that she "is an owner or officer of a company, or otherwise makes corporate decisions that have nothing to do with an employee's function." *Irizarry v. Catsimatidis*, 722 F.3d 99, 109 (2d Cir. 2013).

20.     "To be an 'employer,' an individual defendant must possess control over a company's actual 'operations' in a manner that relates to a plaintiff's employment*." Id.* "A person exercises operational control over employees if his or her role within the company, and the decisions it entails, directly affect the nature of conditions of the employees' employment." *Id.* at 110.

21.     "The Second Circuit has articulated an 'economic reality' test that governs whether an individual" is an employer in "NYLL cases." *Komorek v. Conflict Int'l, Inc.*, No. 22-CV-09467 (ER), 2024 WL 1484249, at *5 (S.D.N.Y. Mar. 29, 2024) (citing *Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 71 (2d Cir. 2003); *Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F. Supp. 2d 253, 308 n.21 (S.D.N.Y. 2011)). Under the economic realities test, "[t]he court looks to four factors—

though they are not exhaustive—that ask whether the alleged employer: (1) could hire and fire employees; (2) supervised employee work schedules and conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records." *Id.* (citing *Dutchess Cmty. College*, 735 F.2d 8, 12 (2d Cir. 1984)).

22. Here, Plaintiff has not alleged—and cannot establish—that Senatore was his employer. Rather, according to the Complaint, he was employed by Computacenter. Ex. A, Compl, ¶ 2. To be sure, he baldly alleges that Senatore was his "direct supervisor," and that "Senatore exercised significant control over CC's team assigned to Headquarters," but he has not alleged any facts suggesting that Senatore could hire or fire him, set his work schedules or conditions of employment, determine his rate/method of pay, or maintained employment records.

23. Thus, Plaintiff's allegations are not sufficient to establish that Senatore was an employer under the NYLL. *Collison v. WANDRD, LLC*, 737 F. Supp. 3d 231, 243 (S.D.N.Y. 2024) (explaining that "boilerplate" allegations that "merely track certain factors of the economic reality test … are not sufficient to permit the plausible inference that [a supervisor' was an employer"); *Ruixuan Cui v. E. Palace One, Inc.*, 2019 WL 4573226, at *7 (S.D.N.Y. Sept. 20, 2019) (dismissing FLSA and NYLL claims against individual defendants where they were based on boilerplate allegations); *Bravo v. Established Burger One, LLC*, 2013 WL 5549495 at *6 (S.D.N.Y. Oct. 8, 2013) (same).

        **B.**    **<u>Plaintiff cannot maintain a cause of action against Senatore for tortious interference.</u>**

24. "New York has adamantly refused to allow employees 'to evade the employment at-will rule and relationship by recasting [a] cause of action in the garb of tortious interference with ... employment.'" *Albert v. Loksen*, 239 F.3d 256, 274 (2d Cir. 2001) (quoting *Ingle v. Glamore Motor Sales, Inc.*, 73 N.Y.2d 183, 189 (1989)). While "[a]n at-will employee may

6

maintain a tortious interference claim … in 'certain limited situations' … [t]o do so, he or she must establish that a 'third party used wrongful means to effect the termination such as fraud, misrepresentation, or threats, that the means used violated a duty owed by the defendant to the plaintiff, or that the defendant acted with malice.'" *Id.* (quoting *Cohen v. Davis*, 926 F. Supp. 399, 403 (S.D.N.Y. 1996)).

25. Here, Plaintiff has not alleged any such "wrongful means." To the contrary, he merely recites the elements of the claim, without adding any additional facts to demonstrate that Senatore's conduct was "wrongful." In fact, there are only two allegations related to Senatore's conduct vis-à-vis Plaintiff in the Complaint—neither of which constitutes wrongful means (or anything close to it). *See* Ex. A, Compl., ¶¶ 60, 63. Thus, Plaintiff cannot maintain a cause of action against Senatore for tortious interference.[2]

### C. Plaintiff cannot maintain a cause of action against Senatore for negligence.

26. Under New York law, "'a plaintiff must establish three elements to prevail on a negligence claim: (1) the existence of a duty on defendant's part as to plaintiff; (2) a breach of this duty; and (3) injury to the plaintiff as a result thereof.'" *Farash v. Cont'l Airlines, Inc.*, 574 F. Supp. 2d 356, 367 (S.D.N.Y. 2008) (quoting *Alfaro v. Wal–Mart Stores, Inc.*, 210 F.3d 111, 114 (2d Cir. 2000)).

---

[2] Plaintiff's tortious interference claim is also inconsistent with Plaintiff's allegation that Senatore was his employer for purposes of his whistleblower retaliation claim. If Senatore was his employer, as he seems to contend, then Senatore "would not be considered a third party with respect to the terminated employment relationship" and no tortious interference claim could lie against Senatore. *Brown v. CSX Transportation, Inc.*, No. 11-CV-00999W(F), 2015 WL 13745695, at *14 (W.D.N.Y. Apr. 20, 2015), *report and recommendation adopted*, 155 F. Supp. 3d 265 (W.D.N.Y. 2016)

27.     "The existence of a duty is an essential element of a negligence claim because, '[i]n the absence of a duty, as a matter of law, no liability can ensue.'" *Id.* (quoting *McCarthy v. Olin Corp.*, 119 F.3d 148, 156 (2d Cir.1997)). "A plaintiff must show more than a duty owed to a potentially limitless class of people, but rather a specific duty owed to the plaintiff." *Gen. Star Indem. Co. v. Platinum Indem. Ltd.*, No. 00 CIV. 4960(LMM)(GWG), 2002 WL 31159106, at *3 (S.D.N.Y. Sept. 27, 2002) (citing *Hamilton v. Beretta U.S.A. Corp.*, 96 N.Y.2d 222, 232 (2001) (explaining that the "injured party must show that a defendant owed not merely a general duty to society but a specific duty to him or her"); *Lauer v. City of New York*, 95 N.Y.2d 95, 100 (2000) (explaining that "[w]ithout a duty running directly to the injured person there can be no liability in damages, however careless or foreseeable the harm")). As the Second Circuit has emphasized, "in New York ... 'the judicial power to modify the general rule' of ordinary care 'is reserved for very limited situations' and is not to be 'exercise[d] ... on an ad hoc basis.'" *Alfaro*, 210 F.3d at 115 (quoting *Stagl v. Delta Airlines, Inc.*, 52 F.3d 463, 469 (2d Cir. 1995)).

28.     "Although juries determine whether and to what extent a particular duty was breached, it is for the courts first to determine whether any duty exists." *Drake v. Lab. Corp. of Am. Holdings*, No. 02CV1924 (FB)(RML), 2007 WL 776818 (E.D.N.Y. Mar. 13, 2007) (citing *Darby v. Compagnie National Air France*, 96 N.Y.2d 343, 347 (2001) (citations omitted)).

29.     "If … the defendant owes no duty to the plaintiff, the action must fail." *Darby*, 96 N.Y.2d at 347.

30.     Here, Plaintiff has not alleged, much less established, that Senatore owed any duty of care specifically to Plaintiff, which was breached and resulted in harm to him. He has not even attempted to identify what that duty could possibility entail. Instead, he just alleges, in conclusory fashion, that "DB and Senatore were negligent in allowing an unauthorized person to enter

8

Headquarters and to access DB's computer systems." Ex. A, Compl., ¶ 89. Presumably, the duty that was allegedly breached (and, to be clear, Defendants vigorously dispute that there was in fact any such breached) would be owed to those whose information was stored on "DB's computer systems," not to Plaintiff, and Plaintiff would not be a foreseeable Plaintiff resulting from that alleged breach.

**D.    Plaintiff cannot maintain a cause of action for conspiracy to tortiously interfere because Computacenter cannot conspire to interfere with its own relationship with Plaintiff.**

31.    As set forth above, Plaintiff's tortious interference claim against Senatore fails because he has not, and cannot, identify any wrongful means employed by Senatore.

32.    Plaintiff cannot resuscitate that claim by repackaging it as a claim for conspiracy because "'the tort of interference with an employment contract cannot lie against [Computacenter] because it is a party to the alleged employment contract.'" *Albert*, 239 F.3d at 274 (quoting *Kosson v. Algaze*, 203 A.D.2d 112, 113 (1st Dep't. 1994) (cleaned up)).

**II.    Setting aside Senatore, who was fraudulently joined, there is complete diversity among Plaintiff and the properly named Defendants.**

33.    According to the Complaint, Plaintiff is a resident of New Jersey. *See* Ex. A, ¶ 21.

34.    Computacenter is a Delaware corporation. *See* Ex. C, Decl. of B. Poole, ¶ 4.

35.    Although Plaintiff alleges in the Complaint that "CC is headquartered in New Jersey," Ex. A, Compl., ¶ 24, that is inaccurate. Computacenter does not lease or own, have an office, or otherwise operate in any capacity out of, 25 Pehle Ave., Saddlebrook, New Jersey. *See* Ex. C, Decl. of B. Poole, ¶ 7.

36.    Computacenter has its principal places of business at 1 University Ave., Ste. 102, Westwood, MA and 6025 The Corners Parkway, Ste. 120, Norcross, Georgia. *See* Ex. C, Decl. of B. Poole, ¶ 8.

9

37. Therefore, for purposes of establishing diversity jurisdiction, Computacenter is a citizen of Delaware, Massachusetts, and Georgia—not New Jersey. *See St. Paul Fire & Marine Ins. Co. v. Scopia Windmill Fund*, LP, 87 F. Supp. 3d 603, 605 (S.D.N.Y. 2015) (citing 28 U.S.C. § 1332(c)(1)) ("For purposes of diversity jurisdiction … a corporation is a citizen not only of its state of incorporation, but also of the state of its 'principal place of business[.]'").

38. According to the Complaint, DBSI is a Delaware corporation with its principal place of business in New York; DB USA is a Delaware corporation with its principal place of business in New York; and DB AG is a German corporation headquartered in Frankfurt, Germany.

39. As alleged in the Complaint, the amount in controversy exceeds $75,000—though, to be clear, Defendants dispute that Plaintiff is entitled to any damages. *See* Ex. A, WHEREFORE clause (requesting in excess of $1,000,000 in compensatory damages and $10,000,000 in punitive damages, in addition to attorney's fees).

40. Because there is complete diversity among the properly named Defendants, and the amount in controversy exceeds $75,000, this Court has subject matter jurisdiction under 28 U.S.C. § 1332, and the action is properly removed to this Court.

## **RESERVATIONS**

41. For the purpose of this Notice of Removal, Defendants neither concede liability nor waives any of their defenses, including but not limited to, their right to move to dismiss this action pursuant to Rule 12 of the Federal Rules of Civil Procedure or any other rights or defenses; all of which are expressly reserved.

42. As required by 28 U.S.C. § 1446(a), this Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11.

43. Computacenter is paying the required removal fee to the Clerk of the Court concurrently with filing the Notice of Removal electronically.

**WHEREFORE**, Defendants respectfully hereby remove this action from the Supreme Court of the State of New York State, New York County, to the United States District Court for the Southern District of New York.

Dated: May 6, 2025                                          **BUCHANAN INGERSOLL & ROONEY PC**

*/s/ Stephen W. Kelkenberg*
Stephen W. Kelkenberg, Esq.
Erin J. McLaughlin, Esq.
(*Pro Hac Vice* Forthcoming)

Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15219
Phone: 412-562-8800
Facsimile: 412-562-1041

*Attorneys for Defendant*
*Computacenter United States Inc.*

PROSKAUER ROSE LLP

*/s/ Lloyd B. Chinn*

Lloyd B. Chinn
P. Kramer Rice
Eleven Times Square
New York, New York 10036
(212) 969-3000
lchinn@proskauer.com
krice@proskauer.com

*Attorneys for Defendants*
*Deutsche Bank Securities, Inc.,*
*DB USA Corporation, and Deutsche Bank AG*

11

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 6, 2025, I electronically filed the foregoing Notice of Removal with the Clerk of the Court using the CM/ECF system and served the document by First Class Mail and email upon the following:

> Christopher Brennan
> Ziegler, Ziegler & Associates, LLP
> 570 Lexington Ave.
> New York, New York 10022
> brennan@zza.net

Dated: May 6, 2025                                By: */s/ Stephen W. Kelkenberg*

                                                                                   Stephen W. Kelkenberg