# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------X

JAMES PAPA

                                  :     Index No. :

            Plaintiff,     :

# SUMMONS

        V.               :

COMPUTACENTER UNITED STATES
INC., DEUTSCHE BANK
SECURITIES, INC.,
DB USA CORPORATION,
DEUTSCHE BANK AG and
MARC SENATORE

                              Plaintiff designates New York County,
New York as place of trial.

                          :

                Defendants.

-------------------------------------------------------X

To the above-named Defendants:

    **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your Answer on the Plaintiff within twenty (20) days after the service of this Summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or within thirty (30) days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

    The basis of the venue is the residence of the Defendants in New York County and that a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in New York County. Plaintiff designates New York County as the place of trial.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

Dated:     New York, New York
         May 5, 2025

ZIEGLER, ZIEGLER & ASSOCIATES LLP
*Attorneys for Plaintiff*

By:    /s/ Christopher Brennan
       Christopher Brennan, Esq.
       570 Lexington Avenue, 24th Floor
       New York, New York 10022
       (212) 319-7600

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------------------------X

JAMES PAPA

                                      :      Index No. :

            Plaintiff,        :

                                       # COMPLAINT

        V.               :

COMPUTACENTER UNITED STATES
INC., DEUTSCHE BANK
SECURITIES, INC.,
DB USA CORPORATION,
DEUTSCHE BANK AG and
MARC SENATORE

                                       :

                  Defendants.
----------------------------------------------------------X

        Plaintiff James Papa, by and through his attorneys Ziegler, Ziegler & Associates LLP, as

and for his Complaint against defendant Computacenter United States, Inc., defendant Deutsche

Bank Securities, Inc., defendant DB USA Corporation, defendant Deutsche Bank AG and

defendant Marc Senatore, alleges as follows:

### PRELIMINARY STATEMENT

      1.      This action is brought under New York State Labor Law § 740 et seq., more

commonly known as New York State's Whistleblower Protection Law ("WPL") and under New

York common law.

      2.      Plaintiff James Papa ("Mr. Papa" or "Plaintiff") began his employment at

Computacenter United States, Inc. ("CC") as an information technology ("IT") professional in

May 2022.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i))
which, at the time of its printout from the court system's electronic website, had not yet been reviewed and
approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject
filings for various reasons, readers should be aware that documents bearing this legend may not have been
accepted for filing by the County Clerk.

3.  CC is a multi-billion-dollar international corporation that serves large corporations by operating IT data/computer centers on an outsourced basis.

4.  Shortly after joining CC, Mr. Papa learned that CC was engaged in a contract with defendant Deutsche Bank Securities, Inc. ("DBS"), defendant DB USA Corporation ("DB USA") and defendant Deutsche Bank AG, New York ("DB AG," or referred to collectively with DBS and DB USA as "DB") to operate DB's technology rooms ("Tech Rooms").

5.  DB's Tech Rooms house computer servers and databases that contain enormous amounts of private data, including, but not limited to, private banking information for hundreds of thousands of DB clients as well as information related to millions of private banking and securities transactions.

6.  CC's contract with DB called for CC's employees to work within DB's corporate headquarters at 1 Columbus Circle in New York County, New York ("Headquarters"), where DB's Tech Rooms were located.

7.  DB was responsible for security at Headquarters, meaning DB was responsible for restricting access to Headquarters and the Tech Rooms to only authorized personnel.

8.  In or about March 2023, Mr. Papa learned that a CC employee (the "Employee") had brought into DB's Tech Rooms a person who was not a CC employee or otherwise authorized to be present in Headquarters.

9.  Mr. Papa, who was responsible for supervising the team of CC employees working in the Tech Rooms in or about March 2023, was not assigned to be at Headquarters at the time of the breach of protocol.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

10. Mr. Papa discovered that DB's security staff had allowed the Employee's guest to enter Headquarters and the Tech Rooms despite not having any authorization from either DB or CC.

11. Mr. Papa questioned the Employee about bringing an unauthorized person into Headquarters, and the Employee disclosed that DB's security staff permitted his girlfriend "Jenny" into Headquarters and the Tech Rooms without authorization.

12. Mr. Papa informed the Employee that no matter what DB's security staff would permit, the Employee should not bring Jenny or any other non-CC employee into Headquarters or the Tech Rooms again.

13. The Employee stated he understood Mr. Papa's instructions concerning the prohibition against bringing unauthorized persons into Headquarters and the Tech Rooms and promised that he would not do so again.

14. On or about June 2, 2023, Mr. Papa was informed by another CC employee that for a period of approximately two weeks prior to June 2023, DB security had allowed the Employee to bring Jenny into Headquarters and the Tech Rooms without authorization, always on days when Mr. Papa was not assigned to be at Headquarters.

15. Mr. Papa further learned from a CC employee that Jenny had accessed the Employee's CC computer while the laptop was plugged into DB's computer network.

16. After learning of the Employee and Jenny's actions, Mr. Papa engaged in protected whistleblower activity and reported to his superiors at CC the significant security breach at Headquarters and within the Tech Rooms.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

17.    After making his initial whistleblower report to CC, Mr. Papa learned that Jenny was a Chinese citizen with significant computer expertise and that the Employee and Jenny were in China together in June 2023.

18.    CC and DB were immediately aware that this significant security breach was required to be disclosed to the United States Securities and Exchange Commission ("SEC") due to DB's status as a public corporation subject to SEC regulation.

19.    Public disclosure of the security breach at Headquarters would likely endanger CC's multi-million-dollar contract with DB and significantly damage its corporate reputation as a company responsible for computer system security for major financial institutions and Fortune 500 corporations.

20.    To avert consequences from the security breach at Headquarters, CC entered into a conspiracy with DB to cover up the breach by retaliating against Mr. Papa for his whistleblower report by terminating Mr. Papa's employment on July 31, 2023.

### THE PARTIES

21.    Mr. Papa is a resident of New Jersey.

22.    CC is a wholly-owned subsidiary of Computacenter plc, a British multinational corporation that provides IT services to clients around the world in both the public and private sectors.

23.    Computacenter plc is a multi-billion-dollar public company traded on the London Stock Exchange under the symbol "CCC."

24.    CC is headquartered at 250 Pehle Ave. Saddle Brook, New Jersey.

25.    DBS is headquartered in New York County, New York.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

26.     DB USA is a holding company for DB AG's United States-based operations and is headquartered in New York County, New York.

27.     DB AG is a German multinational investment bank and financial services public company headquartered in Frankfurt, Germany.

28.     DB AG's United States-based operations are headquartered in New York County, New York, and DB AG's shares are publicly traded on the New York Stock Exchange under the ticker symbol "DB."

29.     DB AG is among the largest and most important banking and financial services entities in the world, and DB is regulated by both the SEC and the United States Federal Reserve.

30.     Marc Senatore ("Senatore") is a resident of New Jersey and a DB vice president who was Mr. Papa's direct supervisor at DB.

**JURISDICTION AND VENUE**

31.     This Court has personal jurisdiction over the Defendants under New York Civil Practice Law and Rules ("CPLR") § 301 and § 302 because the Defendants are residents of the State of New York, the Defendants regularly do business in New York, and/or because the Defendants committed acts within the State of New York that violated New York's WPL.

32.     Venue for this action in New York County, New York is proper because DB is headquartered in New York County, New York and the acts that give rise to Plaintiff's legal claims occurred in New York County, New York.

33.     This Court has jurisdiction over this action because the amount of damages Plaintiff seeks is in excess of all lower courts that would otherwise have jurisdiction.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

## FACTS

34.     Mr. Papa began his career as an IT professional in 2008.

35.     Mr. Papa was hired by CC in May 2022 as a Service Delivery Manager ("SDM").

36.     Part of Mr. Papa's job responsibilities as an SDM were to supervise CC's staff assigned to work at DB's Headquarters in New York County, New York.

37.     CC had entered into a multi-year contract to provide IT services to DB and to maintain the security of DB's computer systems at Headquarters.

38.     Based upon information and belief, the contract between CC and DB was worth in excess of $50,000,000.00 (the "Contract").

39.     Under the terms of the contract between CC and DB, Mr. Papa was required to report to Senatore and to deliver IT services to DB as requested through Senatore and other DB executives.

40.     Senatore exercised significant control over CC's team assigned to Headquarters, including, but not limited to, ordering CC to hire and retain individual members of CC's Headquarters team.

41.     CC employees performed the vast majority of IT services at Headquarters for DB inside the Tech Rooms.

42.     The security associated with access to the Tech Rooms was critically important to maintain because the Tech Rooms contained DB computer servers that held enormous amounts of private DB client information.

43.     DB had exclusive responsibility to establish and maintain security protocols at Headquarters, including but not limited to the additional security protocols surrounding entry into the Tech Rooms themselves.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i))
which, at the time of its printout from the court system's electronic website, had not yet been reviewed and
approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject
filings for various reasons, readers should be aware that documents bearing this legend may not have been
accepted for filing by the County Clerk.

44. Consistent with DB's established security protocols, all CC employees were issued security credentials by DB, and these credentials were required to be scanned and observed by DB security in order for any CC employee to enter Headquarters.

45. In addition, CC's security credentials were required to be placed on a scanner to allow admission into the Tech Rooms.

46. DB's security protocols did not permit CC employees to bring non-CC employees into Headquarters or inside Tech Rooms

47. In March 2023, Mr. Papa learned that DB's security staff had allowed the Employee to bring his non-CC employee girlfriend, an approximately forty-year-old Asian woman who Mr. Papa later learned was named Jenny, into Headquarters despite her having no credentials or authorization.

48. DB's security personnel allowing the Employee's girlfriend to enter Headquarters was a direct violation of DB's own established security protocols.

49. Mr. Papa informed the Employee that DB's violation of its own security protocols in allowing his girlfriend into Headquarters did not mean that CC would permit the Employee to bring non-CC employees into Headquarters.

50. Mr. Papa told the Employee that such conduct was not acceptable and should not take place going forward, and the Employee assured Mr. Papa that he was sorry for his actions and that he would refrain from any further violations of security protocol.

51. On or about June 2, 2023, Mr. Papa learned from another CC employee that the Employee had repeatedly brought his girlfriend Jenny into DB's Headquarters in the weeks prior to June 2, 2023, specifically on dates when Mr. Papa was not assigned to be at Headquarters.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

52.     Mr. Papa learned that DB's security staff repeatedly violated their own security protocols and allowed Jenny to enter Headquarters without DB issued security credentials or security authorization of any type.

53.     Mr. Papa further learned that the Employee and Jenny went into the Tech Rooms, DB's most sensitive IT areas, where both the Employee and Jenny worked on a CC laptop that was logged into DB's computer network.

54.     After learning about the Employee's and Jenny's illegal actions within Headquarters and the Tech Rooms, Mr. Papa immediately detailed to his superiors at CC what he learned on or about June 2, 2023.

55.     After receiving Mr. Papa's whistleblower report, CC instructed Mr. Papa to prepare an official complaint report for both CC and DB.

56.     Almost immediately after making his whistleblower report to CC and DB, Mr. Papa learned that Jenny was a Chinese citizen with significant IT expertise and that the Employee and Jenny had traveled together to China in June 2023, shortly after Jenny had been illegally permitted to access Headquarters and the Tech Rooms.

57.     On June 23, 2023, a CC human resources representative requested that Mr. Papa attend a meeting at Headquarters (the "Meeting").

58.     At the Meeting, Mr. Papa was surrounded by a number of lawyers from both CC and DB, as well as several representatives from DB's security staff.

59.     During the Meeting, Mr. Papa was aggressively interrogated by a DB lawyer for an extended period of time.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i))
which, at the time of its printout from the court system's electronic website, had not yet been reviewed and
approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject
filings for various reasons, readers should be aware that documents bearing this legend may not have been
accepted for filing by the County Clerk.

60.     It became obvious to Mr. Papa that CC and DB, including Senatore, intended to use him as a scapegoat to cover up DB and Senatore's obvious and egregious security failures at Headquarters associated with Jenny.

61.     Each time Mr. Papa pointed out DB's obvious and egregious security failures in allowing Jenny entry into Headquarters, DB's lawyer and DB's security representatives at the Meeting became agitated and even more aggressive in their behavior toward Mr. Papa.

62.     At the conclusion of the Meeting, Mr. Papa was informed that his employment at CC was suspended until further notice.

63.     On July 31, 2023, Mr. Papa was informed that he was being fired by CC at the direction of DB, including Senatore, because Mr. Papa's whistleblowing activity had brought too much attention to DB's security failures at Headquarters.

64.     Neither DB nor CC ever reported the Employee and/or Jenny to any law enforcement agency for their criminal activity at Headquarters that included, at a minimum, criminal trespass and potentially significant federal crimes associated with breaching DB's computer systems to steal DB client information.

65.     Neither DB nor CC ever informed the members of the investing public of the obvious and egregious security breach at Headquarters and within the Tech Rooms associated with Jenny.

66.     Neither DB nor CC ever reported to any industry regulator, including but not limited to, the SEC or the Federal Reserve the obvious and egregious security breach at Headquarters and within the Tech Rooms associated with Jenny.

67.     Following Mr. Papa's termination directed by DB, Mr. Papa learned that both DB and CC reviewed several hours of security camara footage from Headquarters and that such

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

footage included footage of Jenny inside the Tech Rooms physically touching DB computer servers.

68.     Mr. Papa also learned that DB's "investigation" of the Employee and Jenny following Mr. Papa's whistleblower report failed to determine Jenny's actual identity and failed to determine if Jenny was working with or for the Chinese government or any other entity engaged in data/computer cybercrime and/or espionage.

69.     Mr. Papa also learned that he was the only person fired at either DB or CC related to the obvious and egregious security breach at Headquarters and within the Tech Rooms associated with Jenny.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST CC

### Violation of New York State Labor Law § 740
### (Whistleblower Retaliation)

70.     Plaintiff repeats and realleges each and every allegation in all the preceding paragraphs as if fully set forth herein.

71.     Plaintiff was an employee of CC as defined in New York State Labor Law § 740.

72.     CC was Plaintiff's employer as defined in New York State Labor Law § 740.

73.     When Plaintiff reported to CC his reasonable belief that CC was in violation of laws, rules or regulations by allowing a non-employee of CC access to DB's computer systems as stated in the paragraphs above, Plaintiff was engaging in protected whistleblower activity.

74.     CC subjected Plaintiff to retaliatory action as defined in New York State Labor Law § 740 by terminating Plaintiff's employment in response to Plaintiff making whistleblower reports to CC.

75.     Plaintiff suffered significant damage as a result of CC's retaliation against him in violation of New York State Labor Law §740 and is thus entitled to all forms of relief available

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

under New York State Labor Law §740 (5) (a-g), including, but not limited to, an award of punitive damages against CC because CC's retaliation against Plaintiff was willful, malicious or wanton.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST DB AND SENATORE

### Violation of New York State Labor Law § 740
### (Whistleblower Retaliation)

76.     Plaintiff repeats and realleges each and every allegation in all the preceding paragraphs as if fully set forth herein.

77.     Plaintiff was an employee of DB as defined in New York State Labor Law § 740.

78.     DB was Plaintiff's employer as defined in New York State Labor Law § 740, and Senatore was Plaintiff's supervisor.

79.     When Plaintiff reported to DB his reasonable belief that DB was in violation of laws, rules or regulations by repeatedly allowing an unauthorized person into Headquarters and Tech Rooms and allowing an unauthorized person access to DB's computer systems as stated in the paragraphs above, Plaintiff was engaging in protected whistleblower activity.

80.     DB and Senatore engaged in retaliatory action against Plaintiff as defined in New York State Labor Law § 740 by conspiring with CC to terminate Plaintiff's employment as a means to cover up DB and Senatore's violations of law, rules or regulations.

81.     Plaintiff suffered significant damage as a result of DB and Senatore's retaliation against him in violation of New York State Labor Law §740 and is thus entitled to all forms of relief available under New York State Labor Law §740 (5) (a-g), including, but not limited to, an award of punitive damages because DB and Senatore's retaliation against Plaintiff was willful, malicious or wanton.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST DB AND SENATORE

### Tortious Interference with a Business Relationship

82.    Plaintiff repeats and realleges each and every allegation in all the preceding paragraphs as if fully set forth herein.

83.    Plaintiff was in a business relationship with CC premised on economic necessity.

84.    DB and Senatore had actual knowledge of Plaintiff's business relationship with CC.

85.    DB and Senatore intentionally interfered with Plaintiff's business relationship with CC.

86.    DB and Senatore's intentional interference with Plaintiff's business relationship with CC caused an actual disruption of the existing business relationship between Plaintiff and CC.

87.    Plaintiff suffered significant monetary damage as a result of DB and Senatore's interference with Plaintiff's business relationship with CC.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DB AND SENATORE

### Negligence

88.    Plaintiff repeats and realleges each and every allegation in all the preceding paragraphs as if fully set forth herein.

89.    DB and Senatore were negligent in allowing an unauthorized person to enter Headquarters and to access DB's computer systems.

90.    As a direct result of DB and Senatore's negligence in allowing an unauthorized person to enter Headquarters and to access DB's computer systems, Plaintiff lost his job and suffered significant emotional, physical and monetary damage as a result.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

## AS AND FOR A FIFTH CAUSE OF ACTION AGAINST CC AND DB AND SENATORE

### Conspiracy to Tortiously Interfere with a Business Relationship

91.     Plaintiff repeats and realleges each and every allegation in all the preceding paragraphs as if fully set forth herein.

92.     Plaintiff was in a business relationship with CC premised on economic necessity.

93.     DB and Senatore had actual knowledge of Plaintiff's business relationship with CC.

94.     DB, Senatore and CC conspired together to intentionally interfere with Plaintiff's business relationship with CC in order to cover up violations of law, rules or regulations by CC and DB.

95.     Plaintiff suffered significant monetary damage as a result of DB, Senatore and CC's conspiracy to interfere with Plaintiff's business relationship with CC.

**WHEREFORE**, Plaintiff respectfully requests that Plaintiff be awarded the following judgment and relief against Defendants:

a.  awarding Plaintiff compensatory damages for all damages he suffered under his First Cause of Action an amount of not less than $1,000,000.00;

b.  awarding Plaintiff compensatory damages for all damages he suffered under his Second Cause of Action an amount not less than $1,000,000.00;

c.  awarding Plaintiff punitive damages on his First Cause of Action an amount not less than $10,000,000.00;

d.  awarding Plaintiff punitive damages on his Second Cause of Action an amount not less than $10,000,000.00;

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)
NYSCEF DOC. NO. 1

INDEX NO. UNASSIGNED
RECEIVED NYSCEF: 05/05/2025

Case 1:25-cv-03788-DLC    Document 1-1    Filed 05/06/25    Page 17 of 17

e. awarding Plaintiff damages on his Third Cause of Action in an amount not less than $1,000,000.00.

f. awarding Plaintiff damages on his Fourth Cause of Action an amount not less than $1,000,000.00;

g. awarding Plaintiff damages on his Fifth Cause of Action in an amount not less than $1,000,000.00.

h. awarding Plaintiff attorney's fees and costs pursuant to and permitted by New York Labor Law § 740; and

i. awarding Plaintiff such other and further relief as this Court may deem just and proper.

DATED: May 5, 2025
        New York, New York

ZIEGLER, ZIEGLER & ASSOCIATES, LLP

By: /s/ Christopher Brennan
     Christopher Brennan

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.